UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE ROMAN CATHOLIC DIOCESE OF
ALBANY, NEW YORK, et al.,

                        **Plaintiffs,**

   vs.                                            1:23-cv-01654
                                                       (MAD)

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON,  et al.,

                        **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**NOLAN HELLER KAUFFMAN, LLP**       **FRANCIS J. BRENNAN, ESQ.**
80 State Street, 11th Floor
Albany, New York 12207
Attorney for Plaintiff The Roman
Catholic Diocese of Albany, New York

**BLANK ROME LLP**                            **JAMES S. CARTER, ESQ.**
1825 Eye Street NW
Washington, DC 20006
Attorneys for Plaintiff The Roman
Catholic Diocese of Albany, New York

1271 Avenue of the Americas               **ROBYN MICHAELSON, ESQ.**
New York, New Yorkl 10020
Attorneys for Plaintiff The Roman
Catholic Diocese of Albany, New York

**ELSAESSER ANDERSON, CHTD.**        **FORD ELSAESSER , JR., ESQ.**
535 High Street
Priest River, Idaho 83856
Attorney for Parish Plaintiffs[1]

**WOODS OVIATT GILMAN LLP**           **TIMOTHY P. LYSTER**, **ESQ.**
1900 Bausch & Lomb Place
Rochester, New York 14604

---

   [1] "Parish Plaintiffs" refers to all Plaintiffs, except The Roman Catholic Diocese of Albany, New York, and consists of, what appears to be, 173 individual parishes located within, or operating under the auspices of, the Roman Catholic Diocese of Albany, New York.

Attorney for Parish Plaintiffs

| | |
|---|---|
| **DUANE MORRIS LLP** | **ANDREW E. MINA, ESQ.** |
| 865 S. Figueroa Street - Suite 3100 | **BETTY LUU, ESQ.** |
| Los Angeles, California 90071 | **JEFF D. KAHANE, ESQ.** |
| Attorneys for Defendants Certain Underwriters | **NATHAN W. REINHARDT, ESQ.** |
| at Lloyd's London, RiverStone Insurance UK | **RUSSELL W. ROTEN, ESQ.** |
| Limited, Yasuda Fire & Marine Insurance Co. | |
| (UK) Ltd. Certain Underwriters at Lloyd's, London, | |
| and Catalina Worthing Insurance LTD (CWIL) | |
| | |
| **CLYDE & CO LLP** | **CATALINA J. SUGAYAN, ESQ.** |
| 30 S. Wacker Dr. - Suite 2600 | **YONGLI YANG, ESQ.** |
| Chicago, Illinois 60606 | |
| Attorneys for Defendants Certain Underwriters | |
| at Lloyd's London, RiverStone Insurance UK | |
| Limited, Yasuda Fire & Marine Insurance Co. | |
| (UK) Ltd. Certain Underwriters at Lloyd's, London, | |
| and Catalina Worthing Insurance LTD (CWIL) | |
| | |
| **PARKER HUDSON RAINER & DOBBS LLP** | **HARRIS BRYAN WINSBERG, ESQ.** |
| 303 Peachtree Street, NE - Suite 3600 | **MATTHEW ROBERTS, ESQ.** |
| Atlanta, Georgia 30308 | **MATTHEW M. WEISS, ESQ.** |
| Attorneys for Defendant Interstate Fire & | |
| Casualty Company | |
| | |
| **WHITE & WILLIAMS LLP** | **SIOBHAIN PATRICIA MINAROVICH, ESQ.** |
| 810 Seventh Avenue - Suite 500 | |
| New York, New York 10019 | |
| Attorney for Defendant Interstate Fire & | |
| Casualty Company | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In March 2023, Plaintiff The Roman Catholic Diocese of Albany, New York (the "Diocese"), filed a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* ("Bankruptcy Code"), in the Bankruptcy Court for the Northern District of

2

New York (the "Bankruptcy Case"). *See* Dkt. No. 4 at 9.[2]  On October 31, 2023, Plaintiffs initiated an adversary proceeding by filing a complaint against Defendants (the "Adversary Proceeding"). *See id.* at 10.  On November 21, 2023, Defendants Certain Underwriters at Lloyd's, London (subscribing to policies issued to the Diocese of Albany, New York for periods effective from September 1, 1978 to September 1, 1991), Catalina Worthing Insurance Ltd (CWIL) f/k/a Hartford Financial Products International (as Part VII transferee of Excess Insurance Co. Ltd.), RiverStone Insurance UK Limited (as successor in interest to Terra Nova Insurance Co. Ltd. and Sphere Drake Insurance Co. PLC), and Yasuda Fire & Marine Insurance Co. (UK) Ltd.[3] (collectively, "London Market Insurers" or "LMI") filed their answer to the complaint.  *See* Dkt. No. 1-3 at 103-51.  And on January 19, 2024, Defendant Interstate Fire & Casualty Company ("Interstate"), filed its answer to the complaint.  *See* Dkt. No. 4 at 11.  Currently pending before the Court are LMI's and Interstate's respective motions to withdraw the reference of the Adversary Proceeding to this Court.  *See* Dkt. Nos. 1, 4.  For the following reasons, the motions are denied.

## II. BACKGROUND

New York State enacted the Child Victim Act ("CVA") in February 2019, reviving, for a period of time, previously time-barred actions arising out of certain sexual abuse claims.  *See* N.Y. C.P.L.R. § 214-g.  Following the enactment of the CVA, individuals filed lawsuits against the Diocese (the "Underlying Actions").  *See* Dkt. No. 4 at 9.  The Diocese proposed a "global settlement and mediation program" to resolve the Underlying Actions; however, an agreement

---

[2] Citations refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[3] According to LMI, "Yasuda Fire & Marine Insurance Co. (UK) Ltd. Certain Underwriters at Lloyd's" is now known as "Tenecom Ltd."  *See* Dkt. No. 1 at 11.

was not reached. *In re Roman Catholic Diocese of Albany*, No. 23-10244, Dkt. No. 7 at ¶ 16. On March 15, 2023, faced with "[i]mpending trial dates," the Diocese initiated the Bankruptcy Case "to preserve its assets for the benefit of the claims of the CVA claimants and constituencies served by the [Diocese] as well." *Id.* The Bankruptcy Court entered an order establishing November 1, 2023 as the deadline to file proofs of claim in the Bankruptcy Case, including proofs of claim related to the Underlying Actions. *See In re Roman Catholic Diocese of Albany*, No. 23-10244, Dkt. Nos. 445, 447, 481. Neither LMI nor Interstate filed a proof of claim. *See* Dkt. No. 1 at 17; Dkt. No. 4 at 10.

On October 31, 2023, Plaintiffs initiated the Adversary Proceeding against Defendants. *See Complaint*, *Roman Catholic Diocese of Albany v. Certain Underwriters at Lloyd's, London*, (*In re Roman Catholic Diocese of Albany*), Ch. 11 Case No. 23-10244, Adv. No. 23-90012-1, Dkt. No. 1 (hereinafter referred to as the "Complaint"). In the Complaint, Plaintiffs allege that "[t]he Underlying Actions . . . are covered by" insurance policies issued by Defendants and that certain Defendants "have failed or otherwise refused to acknowledge their respective obligations . . . with respect to the Underlying Actions." *Id.* at ¶¶ 199-200. Plaintiffs seek: (1) a declaration that, among other things, Defendants are "obligated to pay in full the costs and expenses, including attorney's fees, incurred by [Plaintiffs] in defense of some or all of the Underlying Actions," *id.* at ¶¶ 203-10; (2) damages for Defendants' breach of contract for failure to defend the Underlying Actions, *id.* at ¶¶ 211-18; (3) a declaration that, among other things, Defendants are "obligated to indemnify [Plaintiffs] for, or pay on their behalf, all sums that [Plaintiffs] are obligated to, or become obligated to pay, through judgment, settlement or otherwise, arising from the Underlying Actions," *id.* at ¶¶ 219-26; and (4) damages for Defendants' breach of contract for failure to indemnify Plaintiffs for "costs to pay settlements and/or judgments in the Underlying

4

Actions" that have been incurred and may continue to be incurred (hereinafter, collectively, the "Claims"), *id.* at ¶¶ 203-34.

On November 21, 2023, LMI filed their answer to the Complaint and, on the same day, filed their motion to withdraw reference. *See* Dkt. No. 1 at 14-15; Dkt. No. 1-3 at 103-51. Interstate filed its answer on January 19, 2024, and, on the same day, filed its motion to withdraw reference. *See* Dkt. No. 4 at 11.

In their motion to withdraw reference, LMI argue that because (1) the Bankruptcy Court cannot "(i) adjudicate the private rights at issue in the Adversary Proceeding[,] (ii) enter a final order on the Claims, because the Claims exist only within the Bankruptcy Court's non-core jurisdiction[,] or (iii) hold a jury trial on disputed factual issues[;]" and (2) "all *Orion*[4] factors favor withdrawal," LMI are entitled to have the reference of the Claims withdrawn to this Court. Dkt. No. 1 at 11-12.  In its motion to withdraw reference, Interstate argues that the Court should withdraw the reference of the Claims, as against Interstate, for substantially the same reasons. Dkt. No. 4 at 5-6.

### III. DISCUSSION

**A.   Legal Standard**

District courts have jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." 28 U.S.C. § 1334(b). District courts may refer such proceedings to bankruptcy courts for adjudication. *Id.* § 157(a). Once a matter is referred, bankruptcy courts have authority to enter final judgments in matters that are "core" to the bankruptcy proceeding. *Id.* § 157(b)(1).  If a matter is "non-core" but,

---

[4] *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993).

nonetheless, related to a case arising under the Bankruptcy Code, a bankruptcy court may "propose findings of fact and conclusions of law," which the district court reviews *de novo*. *Exec. Benefits Ins. Agency v. Arkinson*, 573 U.S. 25, 34 (2014).

Cases referred to a bankruptcy court may be withdrawn back to the district court for cause. 28 U.S.C. § 157(d). "While the statute does not define the term 'cause,' courts in the Second Circuit have generally focused on factors such as judicial economy, uniformity in the administration of bankruptcy law, reduction of forum shopping, and jury trial considerations." *In re Iannacchino*, No. 14-22077, 2018 WL 1009279, *2 (S.D.N.Y. Feb. 20, 2018) (citing *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101 (2d Cir. 1993)). Accordingly, under Second Circuit precedent, district courts evaluating motions to withdraw a reference undertake a two-part inquiry. *See Orion*, 4 F.3d at 1101.

Courts first consider whether the claim at issue is "core" to the bankruptcy proceeding. *Id.* After making the "core/non-core determination," district courts consider whether, pursuant to the factors set forth in *Orion*, withdrawal is prudent. *Id.* Relevant factors include the "efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, [and] the prevention of forum shopping." *Id.* "Ultimately, the guiding concern in the *Orion* inquiry is efficient and uniform judicial administration." *In re: Residential Cap., LLC*, No. 15-CV-2712, 2015 WL 9302834, *3 (S.D.N.Y. Dec. 21, 2015); *see Gucci by Armstrong v. Gucci*, No. 96 CIV. 8216, 1997 WL 122838, *1 (S.D.N.Y. Mar. 17, 1997) ("[A]t the . . . infant stage of the proceeding the issue of withdrawal is discretionary and turns largely on considerations of judicial economy").

"[T]he interests of judicial economy will be well served" by denying withdrawal where the bankruptcy court has already developed "extensive knowledge of the complex underlying

6

transactions and occurrences." *Gucci*, 1997 WL 122838, at *1 (quotation and internal quotation marks omitted). Even where a district court may have to engage in *de novo* review of the bankruptcy court's pre-trial preparations or where the district court will inevitably conduct a jury trial, allowing the bankruptcy court to oversee the pre-trial matters can be a more efficient use of judicial resources where the bankruptcy court is more familiar with the facts at issue in the case. *See id.* (citing *In re Kenai*, 136 B.R. 59, 61 (S.D.N.Y. 1992); *In re Adelphi Institute, Inc.*, 112 B.R. 534, 539 (S.D.N.Y. 1990)).

B. **Core v. Non-Core Determination**

LMI and Interstate argue that the Court should withdraw the reference of the Adversary Proceeding because it involves non-core claims for which the Bankruptcy Court lacks authority to enter final judgment, as the Claims are for state-law breach of contact and declaratory relief, and because LMI and Interstate have demanded a jury trial.[5] *See* Dkt. No. 1 at 15-20, 26-28; Dkt. No. 4 at 15-22.

"Whether a matter is core or non-core depends on the nature of the proceeding." *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 591 (S.D.N.Y. 2012) (citing *In re Best Products Co.*, 68 F.3d 26, 31 (2d Cir. 1995)). A proceeding is core if it "involves rights created by bankruptcy law, or that could arise only in a bankruptcy case." *Id*. (citing *MBNA Am.*

---

[5] LMI and Interstate's arguments regarding the demand for a jury trial are premature. *See In re Turkey Lake, LLC*, No. 15-12091, 2018 WL 4214355, *4 (N.D.N.Y. Apr. 23, 2018) ("Even assuming that the claims are non-core and legal, the Court cannot determine at this early stage whether there are triable issues of fact necessitating a trial") (citation omitted); *Thaler v. Parker*, 525 B.R. 582, 587-88 (E.D.N.Y. 2014) ("[The] defendant asserts his demand for a jury trial is a reason to withdraw the reference to the [b]ankruptcy [c]ourt. This argument is premature, because the prospect of a trial is purely speculative at this juncture . . . . This action should be adjudicated by the [b]ankruptcy [c]ourt until the parties present motions that require the District Court to review any objections to the bankruptcy judge's proposed findings and conclusions . . . before the Court can decide whether to withdraw the reference on the basis of a demand for a jury trial").

*Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006) (other citation omitted)).  On the other hand, a proceeding or claim is non-core if it "does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction."  *Id.* (quotation and internal quotation marks omitted).  The conclusion that a matter is "non-core" supports, but does not require, withdrawal.  *See id.* at 593.

In the interest of brevity, for the purposes of the pending motions, the Court will assume, without deciding, that the Claims are non-core.

**C.    *Orion* Factors**

Although the presumed non-core nature of the Claims weighs in favor of withdrawing the reference, the core/non-core determination does not end the Court's inquiry.  *See id.*  As the Second Circuit directed in *Orion*, "once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Orion*, 4 F.3d at 1101.  Upon careful analysis, the Court finds that, even if the Claims are non-core, the *Orion* factors—namely, judicial efficiency and uniformity of bankruptcy administration—favor the denial of LMI and Interstate's motions for withdrawal of reference.

The Court acknowledges that the Bankruptcy Court may not have authority to render a final adjudication as to the Claims and that withdrawal to this Court for a jury trial may eventually become necessary.  *See In re: FKF 3, LLC*, No. 13-CV-3601, 2016 WL 4540842, *19-20 (S.D.N.Y. Aug. 30, 2016).  Despite the prospect of some duplicative work or a possible trial in this Court, the increased efficiency in keeping this matter with the Bankruptcy Court more than offsets any potential cost.  The Bankruptcy Court has already presided over the Bankruptcy Case for more than a year and, importantly, has become familiar with the Diocese's insurance program.

*See e.g.*, Dkt. No. 1-3 at 168-172 (Final Order (I) Authorizing the Continued Maintenance of the Debtor's Insurance Program; and (II) Authorizing the Payment of Prepetition Obligations in Respect Thereof, issued by Judge Robert E. Littlefield, Jr. on May 11, 2023).

Moreover, the Bankruptcy Court has entered an Interim Order Referring Certain Matters to Mandatory Global Mediation and an Order Appointing Mediators. *See In re Diocese of Albany*, No. 23-10244, Dkt. Nos. 640, 697. Among the matters referred to mandatory global mediation are "[i]nsurance coverage issues including any defense or exception to coverage . . . , [a]llocation of insurance coverage among the Debtor and Parishes as additional insureds under the Policies . . . , and [c]ontributions by the Debtor, Parishes, and Insurers to fund any reorganization plan." *In re Diocese of Albany*, No. 23-10244, Dkt. No. 640 at 2-3. In other words, the insurance coverage issues that LMI and Interstate wish the Court to address are currently the subject of on-going mediation ordered by the Bankruptcy Court.

And, relatedly, withdrawing the reference of the Claims to this Court would make the matter subject to a separate mandatory mediation. *See* N.D.N.Y. General Order 47 at § 2.1(A). This second, separate mediation would not only be duplicative, but would create the risk of inconsistency between proceedings.

Accordingly, given the weight of the factors of judicial economy and uniformity of bankruptcy administration, the Court declines to withdraw the reference from the Bankruptcy Court.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that LMI's motion to withdraw reference (Dkt. No. 1) and Interstate's motion to withdraw reference (Dkt. No. 4) are **DENIED** with leave to renew if and when the case is ready for trial; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: October 29, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge